1  JEFFREY A. SIMES (*pro hac vice forthcoming*)
   JSimes@goodwinlaw.com
2  **GOODWIN PROCTER LLP**
   The New York Times Building
3  620 Eighth Avenue
   New York, New York 10018
4  Tel.: +1 212 813 8800
   Fax: +1 212 355 3333
5
   JEREMY LATEINER (SBN 238472)
6  JLateiner@goodwinlaw.com
   **GOODWIN PROCTER LLP**
7  Three Embarcadero Center
   San Francisco, California 94111
8  Tel.: +1 415 733 6000
   Fax: +1 415 677 9041
9
   ELIZABETH LOW (SBN 308098)
10 ELow@goodwinlaw.com
   **GOODWIN PROCTER LLP**
11 601 Marshall Street
   Redwood City, California 94063
12 Tel.: +1 650 752 3100
   Fax: +1 650 8531038
13
   Attorneys for Defendants
14 JMI Equity Fund VIII A, L.P. and JMI Equity Fund
   VIII B, L.P.
15 (erroneously sued as JMI, a California corporation)

16                UNITED STATES DISTRICT COURT
17              SOUTHERN DISTRICT OF CALIFORNIA
18                      SAN DIEGO DIVISION
19

20 | MICHAEL CORNISH and KYLE | Case No. **'19CV0968 W    NLS** |
21 | CORNISH,                 |                                  |
22 |        Plaintiffs,       | [Removed from San Diego County Superior Court Case No. 37-2019-00019692-CU-FR-CTL] |
23 |        v.                | **NOTICE OF REMOVAL** |
24 | DANIEL CORNISH, COSENTIAL, a Delaware Corporation, COSENTIAL OPS COSENTIAL ENTITIES, JMI, a California Corporation, DOES 1-100, | |
25 | | |
26 |        Defendants.       | |
27
28

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants JMI Equity Fund VIII A, L.P. and JMI Equity Fund VIII B, L.P. (collectively, "JMI")[1] submit this Notice of Removal based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. This action is hereby removed from the Superior Court for the State of California for the County of San Diego to the United States District Court for the Southern District of California, San Diego Division. In support of this Notice of Removal, JMI states as follows:

## I. BACKGROUND

1. On April 16, 2019, Plaintiffs Michael Cornish and Kyle Cornish (collectively, "Plaintiffs") commenced an action in the Superior Court of the State of California for the County of San Diego, Case No. 37-2019-00019692-CU-FR-CTL (the "State Court Action"). Named as defendants in the Complaint are Daniel Cornish, Cosential, Inc. ("Cosential") and JMI.[2] JMI was served with the Complaint filed in the State Court Action on April 24, 2019. A true and correct copy of all pleadings, process and orders served on JMI in the State Court Action is attached hereto as **Exhibit A**.

2. Plaintiffs assert numerous, largely redundant causes of action in the Complaint: (1) fraud, (2) constructive fraud, (3) breach of fiduciary duties, (4)

---

[1] Plaintiffs incorrectly sued "JMI, a California corporation," which they then identify in the Complaint as "JMI Equity." *See* Compl. at 1. Defendants' proper names are JMI Equity Fund VIII A, L.P. and JMI Equity Fund VIII B, L.P., both Delaware limited partnerships. The fifty-three page Complaint contains numerous errors of a similar nature, including being captioned as having been filed in Los Angeles County Superior Court, but asserting that venue is proper in San Diego County. *See* Compl. at 1, ¶ 54.

[2] In addition to fictitious defendants identified as "DOES 1-100," Plaintiffs have named as defendants "Cosential Entities" and/or "Cosential Ops Cosential Entities." Since neither of these are proper legal entity names, it is unclear exactly whom Plaintiffs intend to sue under these names or whether instead they are additional "Doe" defendants. *See* Compl. at ¶ 49 ("The Cosential entities include a multitude of subsidiaries, investment vehicles and affiliated companies."). To date, no proofs of service have been filed for "Cosential Entities" or "Cosential Ops Cosential Entities."

fraudulent misrepresentation, (5) negligent misrepresentation, (6) breach of written agreements, (7) intentional interference with prospective economic relations, (8) another claim for intentional interference with prospective economic relations, (9) wrongful termination, (10) breach of oral employment contract, (11) unfair competition, (12) violation of Labor Code sections, (13) violation of Family Code section 1100, (14) violation of Corporations Code sections, (15) rescission and restitution, (16) unjust enrichment, and (17) a claim titled "unconscionable." *See generally* Compl.

3. All of the causes of action in the Complaint are asserted against all defendants except as follows:

- The 6th and 7th causes of action are asserted against all defendants except JMI;
- The 8th cause of action is only asserted against JMI; and
- Plaintiffs do not identify the defendants against whom the 16th cause of action is asserted.

4. Plaintiffs seek compensatory damages, rescission, restitution, an accounting, equitable relief, attorney's fees and interest. Compl., Prayer for Relief. Although Plaintiffs allege that the amount in controversy exceeds $25,000 to satisfy the unlimited jurisdictional requirements in California Superior Court (Compl., at ¶ 58), other allegations in the Complaint make clear that the amount in controversy far exceeds $75,000. *See, e.g., id.* at ¶¶ 35 & 155 (purporting to seek damages of $60 million); *id.* at ¶ 152 ("Mike suffered the loss of more than $8.649 million because of Dan's misconduct and wrongdoing.").

II. **REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1332 AND 1441**

5. The State Court Action is a civil suit over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is subject to removal pursuant to 28 U.S.C. § 1441(a) and (b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and

costs.

**A.    Complete Diversity of Citizenship Exists**

6.    Plaintiffs are California citizens, as they plead that they reside in San Diego County, California, and that their residence in San Diego County is their "principal residence." *See, e.g.,* Compl. at ¶¶ 40, 42. Upon information and belief, Plaintiffs are still citizens of California.

7.    Plaintiffs allege Cosential, Inc. is a Delaware corporation with its principle place of business in Austin, Texas. Compl. at ¶ 48.

8.    JMI is a limited partnership.[3] While some of its partners are citizens of California, JMI's citizenship cannot be considered because it was fraudulently joined by Plaintiffs.

9.    Under the "forum defendant rule," an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The forum defendant rule does not apply, however, where a forum defendant (here, JMI) was fraudulently joined. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

10.   Joinder is fraudulent, as opposed to "properly joined," *see* 28 U.S.C. § 1441(b)(2), "[i]f a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state …." *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). "[D]istrict courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548.

11.   To the extent Plaintiffs have any cognizable claims, they involve Cosential and Daniel Cornish, not JMI. JMI is a third-party "investor" in Cosential, and not a party to the various agreements that are being disputed between

---

[3] Again, Plaintiffs incorrectly allege that JMI is a California corporation with its principal place of business in San Diego, California. Compl. at ¶ 46. JMI is actually based in Maryland.

Cosential/Daniel Cornish and Plaintiffs. *See, e.g.*, Compl. at ¶¶ 14, 103, 110. There are no allegations in the Complaint that JMI was a party to any contracts with Plaintiffs, even though the Complaint purports to assert a breach of contract claim against JMI. *See, e.g.,* Compl. at ¶ 14 (on p. 40) ("Mike was not a party to the contract between JMI and Cosential"). There is no allegation that JMI ever employed Plaintiffs, even though the Complaint asserts employment claims against JMI. *See* Compl. ¶ 40 ("*Cosential* employed Mike at his principal residence in San Diego County California since 2016." (emphasis added)). And there are no allegations in the Complaint of any communications at all between JMI and Plaintiffs (let alone misrepresentations).

12. All in all, there is no possibility of recovery against JMI. Instead, Plaintiffs appear to have named JMI as a defendant for improper purposes, namely to attempt defeat diversity jurisdiction and gain leverage over Cosential and Daniel Cornish to resolve other, preexisting litigation between those parties. Prior to the April 16, 2019 filing of the Complaint, Cosential and Daniel Cornish initiated an action against Michael Cornish in the United States District Court for the Western District of Texas on April 12, 2019, in a case styled *Cosential, Inc. v. Cornish*, Case No. 19-cv-00417. On April 15, 2019, Cosential Inc. and Cosential Holdings, Inc. filed suit against Michael Cornish in the Court of Chancery of the State of Delaware, in a case styled *Cosential v. Cornish*, C.A. No. 2019-0287-KSJM. Those prior-filed lawsuits were brought in the mandatory venues for claims arising under the agreements cited by Plaintiffs and the corporate charter of Cosential. Neither case involved JMI, who is not a party to any of the agreements at issue.

13. Plaintiffs also name "Does 1-100" in their Complaint. For removal based on diversity of citizenship, "[t]he citizenship of . . . unidentified Doe defendants [is] disregarded." *See Holt v. Noble House Hotels & Resort, Ltd.*, No. 17CV2246-MMA (BLM), 2018 WL 539176, at *3 (S.D. Cal. Jan. 23, 2018); 28 U.S.C. § 1441(b)(1).

14. Again, Plaintiffs appear to have sued unidentified "Cosential Entities" and/or "Cosential Ops Cosential Entities." Since these are not proper legal entity names, it is unclear exactly which entities Plaintiffs intend to sue under these names or whether instead they are additional "Doe" defendants. *See* Compl. at ¶ 49 ("The Cosential entities include a multitude of subsidiaries, investment vehicles and affiliated companies."). To date, no proof of service has been filed for "Cosential Entities" or "Cosential Ops Cosential Entities." To the extent "Cosential Entities" and/or "Cosential Ops Cosential Entities" are "Doe" defendants, their citizenship must also be disregarded. *See Holt*, 2018 WL 539176, at *3. And, in any event, to the extent Cosential has any subsidiaries, investment vehicles or affiliated companies, upon information and belief, none are citizens of California.

15. Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332(a).

### B. The Amount in Controversy Exceeds $75,000

16. The State Court Action satisfies the amount in controversy requirement under 28 U.S.C. § 1332(a). When removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Again, the Complaint seeks damages in the millions of dollars. *See, e.g.,* Compl. at ¶¶ 35 & 155 (seeking damages of $60 million); *id.* at ¶ 152 (asserting a "loss of more than $8.649 million"). While JMI does not concede that these variable damages assertions have been arrived at in good faith or with any reasonable basis, the allegations in the Complaint nevertheless easily establish more than the $75,000 jurisdictional minimum, exclusive of interest and costs.

### III.  ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

17. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because JMI was first served with a copy of the Summons and Complaint in the State Court Action on April 24, 2019. *See Destfino v. Reiswig*, 630 F.3d 952, 956

(9th Cir. 2011) ("each defendant is entitled to thirty days to exercise his removal rights after being served").

18.   As no Doe defendants have been identified or served at this time, no joinder of unserved defendants is required to perfect removal of the State Court Action.  *See Salveson v. W. States Bankcard Ass'n*, 731 F. 2d 1423, 1429 (9th Cir. 1984) ("a party not served need not be joined").

19.   All defendants who have been properly served consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A).  A copy of their written consent is attached hereto as **Exhibit B**.

20.   JMI's Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Southern District of California embraces the Superior Court of California for the County of San Diego where the State Court Action was filed and is currently pending.  *See* 28 U.S.C. § 84(d).

21.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and its attachments will promptly be served on Plaintiffs in the State Court Action, and notice thereof will be filed with the clerk of the San Diego Superior Court.

### IV.   CONCLUSION

22.   Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and the State Court Action is properly removed to this Court.

23.   In filing this Notice of Removal, JMI reserves any right to a jury trial and any and all defenses, objections, and exceptions, and nothing in this Notice of Removal shall be interpreted or construed as a waiver or relinquishment of any right to assert any defenses including, without limitation, insufficiency of process or service of process, jurisdiction, improper joinder or misjoinder of claims and/or parties, failure to state a claim, and any other procedural or substantive defense available to JMI.  JMI further reserves the right to amend or supplement this Notice

of Removal.

Dated: May 23, 2019

GOODWIN PROCTER LLP

By: /s/ Jeremy Lateiner
    Jeffrey A. Simes
    Jeremy Lateiner
    Elizabeth Low

Attorneys for Defendants
JMI Equity Fund VIII A, L.P. and JMI Equity Fund VIII B, L.P.